In the Matter of the Claim of KATE CARDILLO, Respondent, against NEW YORK RAILWAYS COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 19, 1930.

*Henry J. Smith* [*Joseph L. Zelaskow* of counsel], for the appellant.

*Clarke, Allen, Harper & Matthews* [*Albert C. Rothwell* of counsel], for the claimant, respondent.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

VAN KIRK, P. J. The question presented is the dependency of five grandchildren of deceased. Any award must be to these grandchildren, or to the State.

The accident occurred March 30, 1922, and death April 1, 1922. Of those persons who could take death benefits, his daughter and her five children alone survived the deceased (Workmen's Compensation Law, § 16; since amd.); a claim for death benefits was filed on behalf of them.

At the first hearing it appeared that a third party action had been brought and further hearings were deferred to await the determination of that action. It resulted in a settlement in 1925 for the sum of $2,450, which sum was paid to the daughter. Thereafter the proceedings continued on behalf of the grandchildren alone, it being evidently understood that the settlement sum discharged any claim which the daughter may have had.

The grandchildren, if dependent as of the time of the accident, are entitled to an award. (Workmen's Compensation Law, § 16, subds. 4, 5; since amd.)

The deceased had been living with his daughter and her family. The household consisted of the deceased, his daughter, her husband and her five children. The husband in 1922 was earning $1,300 a year and was working regularly. The daughter at times earned about three dollars a week sewing; work from the shop was sent to her home. We are not informed how much she earned per week, month or year. The only other income was from the earnings of the deceased. During the year prior to the accident and his death he earned $1,119. The daughter testified that he turned over to her all of his earnings. She at his request from time to time returned to him money for his own use — two, three or five dollars at a time. But there is no evidence tending to show what sum of money he required for clothing and personal uses, including small sums for gambling, during any period of time. She also says that at times her father disputed with her about turning over money and kept some himself. At his death he had $800 in the bank; this the daughter testifies was probably accumulated during the preceding five years. There is no evidence of the amount she actually retained and used; this is left to conjecture. On the other side of the account there is no proof of family expenses, except one item, rent $27 per month.

The age of the children ranged from two to twelve years. Their needs were comparatively small. There is no evidence that at any time the deceased gave or contributed anything directly to any of the children. The daughter testifies, however, that there was one blind child and considerable money was used for the benefit

of this child. Whatever the benefit, if any, which the children received from moneys contributed by the deceased, came indirectly through an improved condition of the household affairs, better food and clothing.

The deceased gave his earnings to his daughter, subject to the condition that she should furnish him sums of money as he might demand for his personal uses. Some of the money so received was used by the daughter for family expenses. She testifies that her husband supported the family, but it was not enough. The husband testifies that he tried to support his family, but the deceased helped. This, however, does not show a contribution in aid of the children, because deceased was a member of the family which was being supported. Whether the money received from the deceased and applied to the support of the family was more than a reasonable sum to care for him, to discharge his proportionate share of the household expenses, is a matter of conjecture. The evidence does not show a balance as contribution to the family expenses.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that the evidence does not justify a finding that the grandchildren were dependents of the deceased.